IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC, | § |
|                 Plaintiff, | §    Civil Action No. 6:12-CV-558 |
| v. | §    **JURY TRIAL DEMANDED** |
| GOOGLE INC., | § |
|                 Defendant. | § |

**DEFENDANT GOOGLE INC.'S ANSWER TO
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Google Inc. ("Google") answers the Original Complaint for Patent Infringement of Plaintiff Blue Spike, LLC ("Blue Spike") as follows:

**NATURE OF THE SUIT**

1. Google admits that Blue Spike alleges a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**PARTIES**

2. Google admits that on the face of the patents attached to Blue Spike's Original Complaint, Blue Spike, Inc. is identified as the assignee of United States Patent Nos. 7,346,472, 7,660,700, 7,949, 494, and 8,214,175 (collectively, the "Patents-in-Suit"). Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and therefore denies them.

3. Google admits that it is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google admits that it is registered to do business in Texas, that it has appointed Corporation Service Company as its

agent for service of process, and that it has transacted business in the Eastern District of Texas. Google denies any remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4. The allegations in paragraph 4 are legal conclusions to which no answer is required. To the extent that any answer is required, Google admits that this action invokes the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims. Google denies any remaining allegations in paragraph 4.

5. The allegations in paragraph 5 are legal conclusions to which no answer is required. To the extent that any answer is required, Google does not contest that there is personal jurisdiction in Texas solely for the purpose of this action. Google denies that it has committed any acts of infringement within the Eastern District of Texas, or any other District in Texas. Google denies any remaining allegations in paragraph 5.

6. Google admits that it has transacted business in the State of Texas. Google denies that venue is legally proper in the Eastern District of Texas for purposes of this action, and further denies that venue is appropriate or convenient in the Eastern District of Texas. Google denies the remaining allegations in paragraph 6, and specifically denies that it has committed any acts of infringement within the Eastern District of Texas, or any other District in Texas.

## FACTUAL BACKGROUND

**A.** **Moskowitz's History**

7. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

16. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies them.

17. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

18. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies them.

19. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

**B.** **Patents-In-Suit**

21. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and accordingly denies the same.

22. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, and accordingly denies the same.

23. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, and accordingly denies the same.

24. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and accordingly denies the same.

25. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and accordingly denies the same.

26. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and accordingly denies the same.

**C.     The Accused Products and Services**

27. Google admits that it designs and develops software, applications, websites, systems, and technology.  Google denies any remaining allegations in paragraph 27, and specifically denies that it has committed any acts of infringement.

28. Google admits that it has not sought or obtained a license to the Patents-in-Suit.

29. Google denies the allegations contained in paragraph 29.

30. Google denies the allegations contained in paragraph 30.

**COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

31. Google incorporates by reference its responses to paragraphs 1-30 above, as if fully set forth herein.

32. Google admits that, according to the face of the patent, United States Patent No. 8,214,175 ("the '175 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32, and therefore denies them.

33. Google admits that what appears to be a copy of the '175 Patent is attached as an exhibit to Blue Spike's Original Complaint, and that, on its face, the '175 Patent was issued on July 3, 2012.  Google denies that the '175 Patent is valid.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore denies them.

34. Google denies the allegations in paragraph 34, and specifically denies that it has committed any acts of infringement.

35.     Google denies the allegations in paragraph 35, and specifically denies that it has committed any acts of infringement.

36.     Google denies the allegations in paragraph 36.

37.     Google denies the allegations in paragraph 37.

38.     Google denies the allegations in paragraph 38.

**COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 7,949,494**

39.     Google incorporates by reference its responses to paragraphs 1-38 above, as if fully set forth herein.

40.     Google admits that, according to the face of the patent, United States Patent No. 7,949,494 ("the '494 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40, and therefore denies them.

41.     Google admits that what appears to be a copy of the '494 Patent is attached as an exhibit to Blue Spike's Original Complaint, and that, on its face, the '494 Patent was issued on May 24, 2011.  Google denies that the '494 Patent is valid.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and therefore denies them.

42.     Google denies the allegations in paragraph 42, and specifically denies that it has committed any acts of infringement.

43.     Google denies the allegations in paragraph 43, and specifically denies that it has committed any acts of infringement.

44.     Google denies the allegations in paragraph 44.

45.     Google denies the allegations in paragraph 45.

46.     Google denies the allegations in paragraph 46.

**COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 7,660,700**

47.     Google incorporates by reference its responses to paragraphs 1-46 above, as if fully set forth herein.

48. Google admits that, according to the face of the patent, United States Patent No. 7,660,700 ("the '700 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48, and therefore denies them.

49. Google admits that what appears to be a copy of the '700 Patent is attached as an exhibit to Blue Spike's Original Complaint, and that, on its face, the '700 Patent was issued on February 9, 2010. Google denies that the '700 Patent is valid. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49, and therefore denies them.

50. Google denies the allegations in paragraph 50, and specifically denies that it has committed any acts of infringement.

51. Google denies the allegations in paragraph 51, and specifically denies that it has committed any acts of infringement.

52. Google denies the allegations in paragraph 52.

53. Google denies the allegations in paragraph 53.

54. Google denies the allegations in paragraph 54.

**COUNT 4: INFRINGEMENT OF U.S. PATENT NO. 7,346,472**

55. Google incorporates by reference its responses to paragraphs 1-54 above, as if fully set forth herein.

56. Google admits that, according to the face of the patent, United States Patent No. 7,346,472 ("the '472 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56, and therefore denies them.

57. Google admits that what appears to be a copy of the '472 Patent is attached as an exhibit to Blue Spike's Original Complaint, and that, on its face, the '472 Patent was issued on March 18, 2008. Google denies that the '472 Patent is valid. Google is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57, and therefore denies them.

58. Google denies the allegations in paragraph 58, and specifically denies that it has committed any acts of infringement.

59. Google denies the allegations in paragraph 59, and specifically denies that it has committed any acts of infringement.

60. Google denies the allegations in paragraph 60.

61. Google denies the allegations in paragraph 61.

62. Google denies the allegations in paragraph 62.

## RESPONSE TO PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Blue Spike to which no response is required. Google denies that Blue Spike is entitled to any of the requested relief and denies any allegations.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Google's investigation of its defenses is continuing, and Google reserves all rights to allege additional defenses that may now exist or become known through the course of discovery or further investigation in this case.

1. Venue is neither proper nor convenient in this District.

2. Blue Spike lacks good title to one or more of the Patents-in-Suit and/or lacks standing to sue on same.

3. Google does not infringe and has not infringed (not directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, nor in any other manner) any valid claim of the '175 Patent, the '494 Patent, the '700 Patent and/or the '472 Patent.

7

4. The claims of the Patents-in-Suit are invalid under 35 U.S.C. § 101 for incorrect inventorship.

5. The claims of the Patents-in-Suit are invalid because the claims fail to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

6. Blue Spike's claims for relief are barred in whole or in part by laches, waiver, acquiescence, and estoppel.

7. Blue Spike's claim for damages, if any, against Google for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287 and/or 288.

## **COUNTERCLAIMS**

As and for its counterclaims against Blue Spike, Google respectfully states as follows:

## **PARTIES**

1. Counterclaim-Plaintiff Google is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

2. Upon information and belief, Counterclaim-Defendant Blue Spike, LLC is a limited liability company organized and existing under the laws of the State of Texas.

## **JURISDICTION AND VENUE**

3. In these Counterclaims, Google seeks a judicial declaration as to non-infringement and invalidity of the '175 Patent, the '494 Patent, the '700 Patent, and the '472 Patent. This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

4. By filing its Original Complaint, Blue Spike has consented to personal jurisdiction in the Eastern District of Texas.

5. By filing its Original Complaint, Blue Spike has consented to venue in the Eastern District of Texas. Google makes this allegation without prejudice to and specifically reserving and not waiving its contention that Blue Spike's claim of venue in this district is not proper under 28 U.S.C. §§ 1391 and 1404.

### COUNT ONE - DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT OF THE '175 PATENT

6. Google restates and reincorporates by reference its allegations in paragraphs 1-5 of its Counterclaims.

7. An actual case or controversy exists between Google and Blue Spike as to whether the '175 Patent is infringed by Google.

8. A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '175 Patent.

9. Google has not infringed and does not infringe, directly or indirectly, any valid claim of the '175 Patent.

### COUNT TWO - DECLARATORY JUDGMENT OF
### INVALIDITY OF THE '175 PATENT

10. Google restates and reincorporates by reference its allegations in paragraphs 1-9 of its Counterclaims.

11. An actual case or controversy exists between Google and Blue Spike as to whether the '175 Patent is invalid.

12. A judicial declaration is necessary and appropriate so that Google may ascertain whether the '175 Patent is invalid.

13. The '175 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNT THREE - DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT OF THE '494 PATENT

14. Google restates and reincorporates by reference its allegations in paragraphs 1-13 of its Counterclaims.

15. An actual case or controversy exists between Google and Blue Spike as to whether the '494 Patent is infringed by Google.

16. A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '494 Patent.

17. Google has not infringed and does not infringe, directly or indirectly, any valid claim of the '494 Patent.

### COUNT FOUR - DECLARATORY JUDGMENT OF INVALIDITY OF THE '494 PATENT

18. Google restates and reincorporates by reference its allegations in paragraphs 1-17 of its Counterclaims.

19. An actual case or controversy exists between Google and Blue Spike as to whether the '494 Patent is invalid.

20. A judicial declaration is necessary and appropriate so that Google may ascertain whether the '494 Patent is invalid.

21. The '494 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNT FIVE - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '700 PATENT

22. Google restates and reincorporates by reference its allegations in paragraphs 1-21 of its Counterclaims.

23. An actual case or controversy exists between Google and Blue Spike as to whether the '700 Patent is infringed by Google.

24. A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '700 Patent.

25. Google has not infringed and does not infringe, directly or indirectly, any valid claim of the '700 Patent.

### COUNT SIX - DECLARATORY JUDGMENT OF INVALIDITY OF THE '700 PATENT

26. Google restates and reincorporates by reference its allegations in paragraphs 1-25 of its Counterclaims.

27. An actual case or controversy exists between Google and Blue Spike as to whether the '700 Patent is invalid.

28. A judicial declaration is necessary and appropriate so that Google may ascertain whether the '700 Patent is invalid.

29. The '700 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNT SEVEN - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '472 PATENT

30. Google restates and reincorporates by reference its allegations in paragraphs 1-29 of its Counterclaims.

31. An actual case or controversy exists between Google and Blue Spike as to whether the '472 Patent is infringed by Google.

32. A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '472 Patent.

33. Google has not infringed and does not infringe, directly or indirectly, any valid claim of the '472 Patent.

### COUNT EIGHT - DECLARATORY JUDGMENT OF INVALIDITY OF THE '472 PATENT

34. Google restates and reincorporates by reference its allegations in paragraphs 1-33 of its Counterclaims.

35. An actual case or controversy exists between Google and Blue Spike as to whether the '472 Patent is invalid.

36. A judicial declaration is necessary and appropriate so that Google may ascertain whether the '472 Patent is invalid.

37. The '472 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### EXCEPTIONAL CASE

38. On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Blue Spike's assertion of the Patents-in-Suit against

Google with knowledge that Google does not infringe any valid claim of the Patents-in-Suit and/or that the Patents-in-Suit are invalid

## PRAYER FOR RELIEF

WHEREFORE, Google prays for judgment as follows:

a. A judgment dismissing Blue Spike's Original Complaint against Google with prejudice;

b. A declaration that Google has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the Patents-in-Suit;

c. A declaration that the Patents-in-Suit are invalid;

d. A declaration that this case is exceptional and an award to Google of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

e. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Google demands a trial by jury on all issues so triable.

Dated: November 15, 2012　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Lance Lee*
　　　　　　　　　　　　　　　　　　　　　　Lance Lee
　　　　　　　　　　　　　　　　　　　　　　Attorney at Law
　　　　　　　　　　　　　　　　　　　　　　5511 Plaza Drive
　　　　　　　　　　　　　　　　　　　　　　Texarkana, TX 75503
　　　　　　　　　　　　　　　　　　　　　　Email: wlancelee@aol.com
　　　　　　　　　　　　　　　　　　　　　　Tel: 903-223-0276/Fax: 903-223-0210

Michael Berta
michael.berta@aporter.com
Patrick J. Conti
patrick.conti@aporter.com
**Arnold & Porter LLP**
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel.: 415-471-3100/Fax: 415-471-3400

Wallace Wu
wallace.wu@aporter.com
Nicholas H. Lee
nicholas.lee@aporter.com
**Arnold & Porter LLP**
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
Tel.: 213-243-4000/Fax: 213-243-4199

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 15, 2012, a true and correct copy of the foregoing was served to the parties counsel of record via electronic mail pursuant to Local Rule CV-5(d).

_/s/ Lance Lee_